

FILED

08/04/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0265

IN THE SUPREME COURT OF THE STATE OF MONTANA

PR 20-0265

|  |  |  |
|---|---|---|
| IN THE MATTER OF CASEY NIXON, an Attorney at Law, | ) ) ) ) ) ) | O R D E R O F DISCIPLINE |
| Respondent. |  |  |

On May 11, 2020, a formal disciplinary complaint was filed against Montana attorney Casey Nixon. The disciplinary complaint may be reviewed by any interested person in the office of the Clerk of this Court.

Nixon subsequently tendered to the Commission on Practice a conditional admission and affidavit of consent, pursuant to Rule 26 of the Montana Rules for Lawyer Disciplinary Enforcement (MRLDE). The Commission held a hearing on the conditional admission and affidavit of consent on July 16, 2020, at which Nixon appeared on his own behalf. On July 28, 2020, the Commission submitted to this Court its Findings of Fact, Conclusions of Law, and Recommendation that Nixon's conditional admission be accepted.

We approve the findings, conclusions, and recommendation of the Commission on Practice. In his conditional admission, Nixon has admitted that, with respect to separate clients in different proceedings, he failed to properly handle client funds and violated several provisions of the Montana Rules of Professional Conduct (M. R. Pro. Cond.).

Nixon admits that, with respect to clients Dwight Rose and Gene Rose, he violated Rule 1.4, M. R. Pro. Cond., by failing to explain or disclose the way in which settlement funds were disbursed and Rule 1.5(b), M. R. Pro. Cond., by failing to have a written, signed contingency fee agreement with Dwight. In violation of Rules 1.15 and 1.18, M. R. Pro. Cond., Nixon also admits that he did not keep and maintain a record of the settlement distribution or a client ledger for either Gene's or Dwight's settlement funds and that he mishandled and misappropriated funds belonging to clients or others.

With respect to client Nicholas Carey, Nixon admits to violating Rule 1.3, M. R. Pro. Cond., by failing to complete legal services he agreed to undertake and Rule 1.4, M. R. Pro. Cond., by failing to reasonably communicate with Mr. Carey regarding the legal matter. In violation of Rules 1.5(a) and 1.16(d), M. R. Pro. Cond., Nixon also admits that he charged an unreasonable fee and then failed to refund it. Nixon further admits that he did not maintain Mr. Carey's retainer in his IOLTA trust account and that he used Mr. Carey's funds for his own purposes, in violation of Rules 1.15 and 1.18, M. R. Pro. Cond.

With respect to both matters, Nixon further admits to having failed to promptly respond to inquiries from the Office of Disciplinary Counsel (ODC) in violation of Rule 8.1(b), M. R. Pro. Cond. Nixon's admission was tendered in exchange for the following discipline: an indefinite suspension from the practice of law for a minimum of one year; payment of restitution to Dwight Rose in the amount of $79.16; payment of restitution to Nicholas Carey in the amount of $1,500; compliance with specified conditions prior to reinstatement and for three years upon reinstatement; and payment of costs.

In its Recommendation for Discipline, the Commission comments that it is troubled by the conduct to which Nixon has admitted but believes the conditions to which he has agreed are consistent with protecting the public and will assist in enabling Nixon to address the issues that led to his unethical conduct. The Commission considered both the gravity and nature of the duties violated and the existence of mitigating factors in Nixon's personal circumstance.

Based upon the foregoing,

IT IS HEREBY ORDERED:

1. The Commission's Recommendation that we accept Nixon's Rule 26 tendered admission is ACCEPTED and ADOPTED.

2. Casey Nixon is hereby suspended indefinitely from the practice of law in Montana, for a minimum period of one year, effective thirty days from the date of this Order.

2

Nixon is directed to give notice of his suspension to all clients he represents in pending matters, to any co-counsel in pending matters, to all opposing counsel and self-represented opposing parties in pending matters, and to all courts in which he appears as counsel of record in pending matters, as required by Rule 30 of the MRLDE.

3. Prior to reinstatement, Nixon must comply with the following conditions:

   a. Meet all Continuing Legal Education requirements and pay any and all attorney license dues owing required to maintain an active license to practice law;

   b. Undergo a chemical dependency evaluation by a licensed clinical addiction counselor and undergo a mental health evaluation by a licensed clinical psychiatrist or psychologist at his own expense and submit the evaluation reports to the ODC;

   c. Provide releases to allow the ODC and his providers to discuss the reports and findings and his continued treatment progress; and

   d. Comply with Rules 30 and 32, MRLDE.

4. Upon reinstatement, Nixon must comply with the following conditions for a period of three years:

   a. Comply with all recommended treatment plans of his addiction counselor and mental health care providers and continue treatment for mental health and/or chemical dependency issues pursuant to the recommended treatment plans;

   b. Consult with Mike Larson, Lawyers' Assistance Program (LAP) Coordinator, and file with the ODC Mr. Larson's written recommendations for the means by which he can best address the emotional, mental health, and chemical dependency issues he had been facing in order to allow him to effectively and ethically return to the practice of law;

3

c. Meet with Mr. Larson monthly by phone or in person and/or attend a LAP meeting held in the city nearest to him weekly or as often as the meetings take place;

d. Participate in the ODC's Mentorship Program and complete the supervised task checklist;

e. Not engage in the solo practice of law without written approval of his mentor, his health care providers, and the ODC, and upon submitting written, adequate procedures relative to case management and adhering to those procedures; and

f. Obey all laws and the Montana Rules of Professional Conduct.

5. Any violation of the M. R. Pro. Cond. or of any federal or state law will constitute violation of a Court Order and will result in additional discipline.

6. Nixon shall pay the costs of these proceedings subject to the provisions of Rule 9(A)(8), MRLDE, allowing objections to be filed to the statement of costs.

IT IS FURTHER ORDERED that, pursuant to Rule 26(D), MRLDE, the Clerk of this Court is directed to file copies of Mr. Nixon's Conditional Admission and Affidavit of Consent, together with the Commission's findings, conclusions, and recommendation.

The Clerk of this Court is directed to provide a copy of this Order of Discipline to Casey Nixon; to Disciplinary Counsel; to the Office Administrator for the Commission on Practice; to the Clerks of all the District Courts of the State of Montana; to each District Judge in the State of Montana; to the Clerk of the Federal District Court for the District of Montana; to the Clerk of the Circuit Court of Appeals of the Ninth Circuit; and to the Executive Director of the State Bar of Montana.

DATED this 4th day of August, 2020.

_____
Chief Justice

4

Justices